1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11  CHARLES J. ANDERSON,          ) Case No. CV 15-0077-RT (JPR)
                                 )
12              Petitioner,      )
                                 ) ORDER TO SHOW CAUSE
13          vs.                  )
                                 )
14  E. VALENZUELA, Warden,       )
                                 )
15              Respondent.      )
    ─────────────────────────── )
16

17      On December 31, 2014, Petitioner constructively filed a

18  Petition for Writ of Habeas Corpus by a Person in State Custody.

19  The Petition challenges his 1994 25-years-to-life sentence in Los

20  Angeles County Superior Court for assault with a deadly weapon.

21  (Pet. at 2.)  Petitioner raises a single claim, that he "received

22  a sentence enhancement based on a dismissed allegation in

23  violation of Due Process Clause of the 14th Amendment" (id. at

24  5), which he apparently raised in state-court habeas petitions

25  beginning in early 2014 (Pet., Exs. at last tab).

26      Under the Antiterrorism and Effective Death Penalty Act of

27  1996 ("AEDPA"), a petitioner generally has one year from the date

28  his conviction became final to file a federal habeas petition.

1

1  See 28 U.S.C. § 2244(d).  That statute provides:

2      (1)  A 1-year period of limitation shall apply to an

3  application for a writ of habeas corpus by a person in

4  custody pursuant to the judgment of a State court.  The

5  limitation period shall run from the latest of--

6      (A)  the date on which the judgment became

7  final by the conclusion of direct review or the

8  expiration of the time for seeking such review;

9      (B)  the date on which the impediment to

10  filing an application created by State action in

11  violation of the Constitution or laws of the United

12  States is removed, if the applicant was prevented

13  from filing by such State action;

14      (C)  the date on which the constitutional

15  right asserted was initially recognized by the

16  Supreme Court, if the right has been newly

17  recognized by the Supreme Court and made

18  retroactively applicable to cases on collateral

19  review; or

20      (D)  the date on which the factual predicate

21  of the claim or claims presented could have been

22  discovered through the exercise of due diligence.

23      (2)  The time during which a properly filed

24  application for State post-conviction or other collateral

25  review with respect to the pertinent judgment or claim is

26  pending shall not be counted toward any period of

27  limitation under this subsection.

28  For those whose judgment became final before AEDPA was enacted,

1   as Petitioner's apparently did, the limitation period runs from

2   AEDPA's date of enactment – that is, April 24, 1996.  See Wood v.

3   Milyard, 132 S. Ct. 1826, 1831 (2012).

4        Petitioner's petition for review was denied on January 17,

5   1996.  (Pet. at 3.)  Under Wood, he thus had until April 24,

6   1997, to file his federal Petition.  He did not file it until

7   nearly 18 years later.  He apparently did not file his first

8   state habeas petition raising the same claim until sometime in

9   early 2014.  No statutory tolling is available when the first

10  state habeas petition was filed after the expiration of the

11  limitation period.  See Ferguson v. Palmateer, 321 F.3d 820, 823

12  (9th Cir. 2003) (holding that § 2244(d) "does not permit the

13  reinitiation of the limitations period that has ended before the

14  state petition was filed," even if state petition was timely

15  filed).

16       Petitioner offers no explanation or excuse for the nearly

17  20-year delay in filing his Petition, and indeed it is hard to

18  imagine one.  See Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir.

19  2011) (noting that equitable tolling of 20 years "would be

20  difficult to justify").  There is nothing about Petitioner's

21  claim that he should not have known at the time of his

22  sentencing.  It is true that in certain circumstances, a habeas

23  petitioner may be entitled to equitable tolling.  See Holland v.

24  Florida, 560 U.S. 631, 645 (2010).  But he must show that (1) he

25  has been pursuing his rights diligently and (2) "some

26  extraordinary circumstance stood in his way."  See Pace v.

27  DiGuglielmo, 544 U.S. 408, 418 (2005).  This Petitioner has not

28  done.

1      A district court has the authority to raise the statute-of-

2 limitations issue sua sponte when untimeliness is obvious on the

3 face of a petition; it may summarily dismiss the petition on that

4 ground under Rule 4 of the Rules Governing § 2254 Cases in the

5 U.S. District Courts, as long as the court gives petitioner

6 adequate notice and an opportunity to respond.  Herbst v. Cook,

7 260 F.3d 1039, 1042-43 (9th Cir. 2001).

8      IT THEREFORE IS ORDERED that on or before **February 6, 2015**,

9 Petitioner show cause in writing, if he has any, why the Court

10 should not dismiss this action because it is untimely for the

11 reasons stated above.  If Petitioner seeks to rely on the

12 equitable-tolling doctrine, he must provide detailed factual

13 allegations and evidentiary support, at least through his own

14 sworn declaration, demonstrating that an "extraordinary

15 circumstance" stood in his way and that he was reasonably

16 diligent in trying to circumvent it.  Further, Petitioner is

17 advised that his failure to timely and sufficiently comply with

18 this Order may result in his Petition being dismissed, for the

19 reasons stated herein and for failure to prosecute.

20

21 DATED: January 9, 2015

                                            _____

22                                     JEAN ROSENBLUTH
                                    U.S. MAGISTRATE JUDGE

23

24

25

26

27

28